UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADIL A. SHALHOUT,<br>    PLAINTIFF, | :<br>:<br>: CIVIL ACTION NO. 3:11cv552(VLB)<br>:<br>: OCTOBER 31, 2011<br>:<br>:<br>: |
| v. | |
| CVS, INC.,<br>    DEFENDANT. | |

## MEMORANDUM OF DECISION GRANTING IN PART DEFENDANT's [DKT. #12] MOTION TO DISMISS

The Plaintiff, Adil A. Shalhout ("Shalhout"), proceeding pro se, brings this action against Defendant German Dobson CVS, L.L.C[1] ("CVS") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et seq.*; and the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. §§701 *et seq.* Defendant has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Title VII, ADEA and ADA claims as untimely. Defendant also moves to dismiss Plaintiff's Rehabilitation Act claim based on Plaintiff's failure to plead facts sufficient to state a plausible claim under the Rehabilitation Act. For the foregoing reasons, Defendants' motion to dismiss is granted in part.

### Factual Allegations

The following facts are taken from Plaintiff's complaint. Plaintiff alleges he was terminated from his position as a pharmacist with CVS due to "an allegation

---

[1] Defendant has indicated that Plaintiff improperly named CVS, Inc. as Defendant.

1

of gross misconduct (sexual harassment) and subjected to retaliation by CVS Pharmacy employees." [Dkt. #1, Complaint at ¶7]. Plaintiff alleges that he was terminated after his performance review of several pharmacy technicians "who retaliated due to their dissatisfaction with their performance ratings." [*Id.*]. He also alleges that the technicians conspired with his supervisor and district manager who were seeking reasons for terminating him based on his recent hospitalization, his recent visit to his parents' homeland, his age and his hearing disability. [*Id.*].

### Legal Standard

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted).

### Analysis of Time Barred Claims

To bring claims under Title VII, the ADA, or the ADEA in federal court, a plaintiff must first exhaust his administrative remedies by the "*timely* filing of a discrimination charge with the EEOC *and* the filing of a complaint in the district court within ninety days of receipt of the right-to-sue letter from the EEOC." *Vega v. Federal Exp. Corp.*, No.09CIV.07637, 2011 WL 4494751, at *5 (S.D.N.Y. Sept. 29, 2011) (emphasis in the original). Title VII, the ADEA and the ADA require a claimant to file a discrimination charge with the Equal Employment Opportunity Commission or equivalent state agency within 300 days of alleged act of discrimination. ADEA, § 7(d)(2), 29 U.S.C.A. § 626(d)(2); Title VII, § 706(e), 42 U.S.C.A. § 2000e-5(e); ADA, 42 U.S.C.A. § 12117(a). In his complaint, Plaintiff indicates that the alleged discrimination occurred between October 1, 2008 and

3

November 19, 2008. Plaintiff filed his EEOC complaint on November 19, 2010, which was 224 days past the 300 day statute of limitations. Plaintiff's Dismissal and Notice of Rights issued by the EEOC and attached to Plaintiff's complaint notified Plaintiff that the EEOC lacked jurisdiction to investigate his complaints because his claims were not timely filed within the 300 day statute of limitations. [Dkt. #1].

Since Plaintiff did not timely file his discrimination complaint with the EEOC, he failed to exhaust his administrative remedies and therefore the Court must dismiss his Title VII, ADA, and ADEA claims as timed-barred due to a failure to exhaust administrative remedies. *See also* Qu*arless v. Bronx Lebanon Hosp. Center*, 75 Fed. Appx. 846, 847-848 (2d Cir. 2003) (Dismissal of employee's Title VII was warranted as time-barred, where the alleged discriminatory conduct occurred more than 300 days before employee filed his discrimination complaint with the EEOC); *Hewitt v. New York City Dept. of Health and Mental Hygiene*, No.09-CV-05705, 2010 WL 5071996, at *5 (E.D.N.Y. Dec. 7, 2010) ("Federal courts must dismiss federal claims which were not preceded by the filing of a timely EEOC charge") (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)).

### Analysis of Rehabilitation Act Claim

Defendant argues that Plaintiff has not alleged facts sufficient to state a prima facie claim under the Rehabilitation Act. "To establish a prima facie case of discriminatory termination in violation of the Rehabilitation Act of 1973, a

4

plaintiff must show (1) that the plaintiff is handicapped within the meaning of the Act; (2) that the plaintiff is otherwise qualified to perform the job; (3) that the plaintiff was discharged because of his or her handicap; and (4) that the employer is a recipient of federal financial assistance." *Kinsella v. Rumsfeld*, 320 F.3d 309, 313 (2d Cir. 2003). Further, the standards under the Rehabilitation Act in employment discrimination cases are the same as the standards under the ADA. *Loeffler v. Staten Island University Hosp.*, 582 F.3d 268, 286 (2d Cir. 2009).

Defendant argues that Plaintiff has failed to allege that CVS is a recipient of federal financial assistance and therefore subject to the Rehabilitation Act. Defendant further argues that Plaintiff has simply checked off a claim on a form complaint and has not otherwise referenced the Rehabilitation Act and therefore has only plead a threadbare recital of the elements of a cause of action supported by mere conclusory statements. *See* [Dkt. #13, Def. Mem. at 5].

In response, Plaintiff asserts in his opposition to Defendant's motion to dismiss that CVS receives federal funds through Medicaid and Medicare payments. While Defendant is correct that "a complaint cannot be cured by a memorandum of law in opposition to a motion to dismiss," the Court must construe a pro se complaint liberally. *Ludtke v. U.S.*, 84 F.Supp.2d 194, 302 n.3 (D. Conn. 1999); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "In other words, trial courts hold *pro se* complaints to a less exacting standard than they apply to complaints drafted by attorneys." *Haines*, 404 U.S. at 520-21. Since a *pro se* plaintiff "[is] entitled to a liberal construction of their pleadings, [his or her complaint] should be read to raise the strongest arguments that they suggest."

5

*Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). "However, a court should not hesitate to dismiss a pro se complaint if it fails altogether to satisfy the pleading standard." *Henry v. Davis*, No.10Civ.7575, 2011 WL 3295986, at *2 n.5 (S.D.N.Y. Aug. 1, 2011) (citations omitted).

Here, Plaintiff has conclusory stated that he has a hearing disability and that he was in part terminated from his position as a pharmacist at CVS as a result of his disability. Since Plaintiff has pled no other facts other than a bare recital of the elements of disability discrimination, he has failed altogether to satisfy the pleading standard under *Iqbal*. For example, Plaintiff has not alleged that the individuals who terminated him were even aware of his hearing disability. Therefore, the Court dismisses Plaintiff's Rehabilitation Act claim for failure to plead facts sufficient to state a plausible claim. However, the Court will permit Plaintiff to file an amended complaint with respect to his Rehabilitation Act claim within fourteen (14) days of this Decision alleging (i) that CVS receives federal funds through receipt of Medicare and Medicaid payments and (ii) containing specific allegations of fact showing that CVS discharged Plaintiff because of his disability.

### Conclusion

Based upon the above reasoning, the Defendant's [Dkt. #12] motion to dismiss is GRANTED IN PART. Plaintiff's Title VII, ADA, and ADEA claims are hereby dismissed and Plaintiff is directed to file an amended complaint with respect to his Rehabilitation Act claim within fourteen (14) days of this Decision.

**IT IS SO ORDERED.**

**_____/s/_____**

**Hon. Vanessa L. Bryant**

**United States District Judge**


**Dated at Hartford, Connecticut: October 31, 2011**